PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARA TROYER, | ) | |
| | ) | CASE NO. 5:11cv2536 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FRED HERSHBERGER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Clara Troyer filed this action against Fred Hershberger, Dwain Schlabach, Holmes County Sheriff Timothy Zimmerly, Holmes County Deputy Sheriff Gary Chaney, Holmes County Deputy Sheriff Richard Hawkins, Holmes County Deputy Sheriff Roger Sprowl, Locksmith Richard Craft, Attorney Frank J. Rose, Attorney Paul Harvey, Commercial & Savings Bank ("CSB"), Holmes County Prosecutor Steve Knowling, and First Merit Bank Employee Gregory Locke.  In the Amended Complaint, Plaintiff alleges the foreclosure proceedings filed against her were unfair.  She seeks monetary and injunctive relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  ECF No. 3.  That Application is granted.

(5:11cv2536)

## I. Background

CSB filed a foreclosure action in the Holmes County, Ohio Court of Common Pleas against Plaintiff and Andy Troyer on August 31, 2009.  *See Commercial & Savings Bank v. Troyer*, No. 11 CA 12, 2011 WL 5022820 at *1 (Ohio App. 5 Dist. Oct. 19, 2011).  First Merit Bank held a second mortgage on the property in question.  *Id.* at *1.  The court granted summary judgment in favor of CSB on February 11, 2010.  *Id.*

After summary judgment was granted but before the sheriff's sale took place, Andy Troyer and Clara Troyer filed a Chapter 13 Bankruptcy Petition on February 2, 2010.  *Id.*  An automatic stay was issued in the foreclosure action.  The Bankruptcy Petition was dismissed on May 3, 2010 when the Troyers failed to comply with an order to file documents.  *Id.*  The stay was lifted and the sheriff's sale on the foreclosed property was set for May 13, 2010.  *Id.*

On the day of the sheriff's sale, Andy Troyer filed a second Chapter 13 Bankruptcy Petition, and an automatic stay was issued in the foreclosure action.  *Id.*  The Petition was dismissed on the Motion of the Trustee on September 21, 2010.  *Id.*  The stay was lifted and the sheriff's sale was rescheduled for December 9, 2010.  *Id.*

The day before that scheduled sheriff's sale, Clara Troyer filed a Chapter 13 Bankruptcy Petition.  *Id.*  Another automatic stay was issued.  *Id.*  The Petition was dismissed on February 23, 2011.  The sheriff's sale was rescheduled for April 29, 2011.

2

(5:11cv2536)

Thereafter, Plaintiff filed numerous *pro se* Motions in the foreclosure action and on April 26, 2011, filed a civil suit against the Defendants named in this case.  The *pro se* Motions were all denied.  Plaintiff does not include the resolution, if any, of the civil action.

The sheriff sale was rescheduled for a final time for June 23, 2011 at 10:00 a.m.  ECF No. 8-1 at 3.  Plaintiff filed an appeal of the foreclosure action on the day of the sale at 8:36 a.m. apparently believing the appeal would stay the sheriff's sale.  ECF No. 8-1 at 2.  Plaintiff did not request a stay of the underlying action when she filed the appeal and none was granted by the Court of Appeals.  ECF No. 8-1 at 2.  The property was sold at sheriff's sale that day.  ECF No. 8-1 at 3.  Plaintiff filed an appeal of the confirmation of the sheriff's sale as well.  ECF No. 8-1 at 3.

On October 12, 2011, Plaintiff was evicted from the foreclosed property by three Holmes County Deputy Sheriffs.  She contends that she found the property open on December 6, 2011 and moved back into the residence.  She was evicted for a second time on December 15, 2011.

Plaintiff now files the within lawsuit.  In this action, Plaintiff claims the filing of the Notice of Appeal of the foreclosure action should have stayed further execution of the trial court's judgment.  ECF No. 8-1 at 2.  The sale was held as scheduled and Plaintiff contends it was conducted without legal authority.  ECF No. 8-1 at 3.  Therefore, Plaintiff argues that the transfer of the property by means of an illegal sale constitutes securities fraud and wire fraud.  ECF No. 8-1 at 3.  The sale documents were mailed to the Plaintiff and she claims that Defendants' actions constitute mail fraud as well.  ECF No. 8-1 at 3.  She asserts that the Prosecutor knew or should have known that the filing of the Notice of Appeal stayed the action

(5:11cv2536)

and his failure to cancel the sale denied her due process and equal protection.  ECF No. 8-1 at 2.

She claims her subsequent eviction violated the Fourth Amendment.  ECF No. 8-1 at 12.  She

asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986, 18 U.S.C. §§1341, 1343, and 1348, the

Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1964(c), and 18

U.S.C. §§ 241 and 242.  ECF No. 8-1 at 1.  Plaintiff asks for an apology from the Defendants,

reversal of the foreclosure judgment, return of the foreclosed property, and monetary damages.

ECF No. 8-1 at 14-15.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or

fact when it is premised on an indisputably meritless legal theory or when the factual contentions

are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which

---

[1]    An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the
plaintiff and without service of process on the defendant, if the court explicitly states that it is
invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of
the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir.
1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054
(1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177,
1179 (6th Cir. 1985).

4

(5:11cv2536)

relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly,* *550 U.S. 544, 564 (2007)*. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal , 129 S.Ct. 1937, 1949 (2009)*. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp., 550 U.S. at 555*. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal, 129 S.Ct. at 1949*. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998)*.

### III. Law and Analysis

#### A. Effect of State Court Judgments

Although Plaintiff asserts claims under various civil rights and criminal statutes, this action is merely an attack on the State court's judgment of foreclosure and the validity of the court-ordered sheriff's sale in that action. All of the claims are based on Plaintiff's assumption that the filing of her Notice of Appeal one hour and thirty minutes before the scheduled sheriff's sale automatically stayed the proceedings and all other transactions in that case which occurred after this filing, including the sale, are void. This Court cannot entertain challenges to the State court's judgments or hear claims previously decided by the State court.

5

(5:11cv2536)

As an initial matter, Plaintiff misinterprets Ohio law on appellate procedure. The filing of the Notice of Appeal does not automatically stay the execution of the underlying judgment. Ohio Revised Code § 2505.09 sets forth the requirements for a stay of execution of a judgment. It provides in pertinent part:

> [A]n appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee.

OHIO REV. CODE § 2505.09. Ohio Appellate Rule 7(a) requires that a litigant who wishes to obtain a stay of the judgment pending appeal request the stay from the trial court. The determination of whether to issue a stay rests within the trial court's sound discretion. *See State ex rel. Verhovec v. Mascio, 81 Ohio St.3d 334, 336 (1998)*. In addition, Ohio Revised Code § 2505.09 also requires the Plaintiff to execute a supersedeas bond if the stay is issued. Obtaining a supersedeas bond is also a prerequisite to obtaining a stay of execution of a judgment pending appeal. *See OHIO R. CIV. P. 62(B)*. There is no indication that Plaintiff followed either of these procedures or that the judgment was, in fact, stayed.

Furthermore, even if Plaintiff were improperly denied a stay of execution pending appeal, this Court cannot entertain challenges to the Sheriff's sale or the trial court's order affirming the sale. United States District Courts do not have jurisdiction over challenges to State court decisions even if those challenges allege that the State court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)*. Federal appellate review of State court

6

(5:11cv2536)

judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in State court is barred from seeking what in substance would be appellate review of the State court judgment in a United States District Court based on the party's claim that the State judgment itself violates his or her federal rights.  *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action.  *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the State court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  *Catz*, 142 F.3d at 293.  The Rooker-Feldman doctrine applies when the party losing his case in State court files suit in federal district court seeking redress for an injury allegedly caused by the State court's decision itself.  *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional

7

(5:11cv2536)

challenge to the State law applied in the state action.  *Id.*

In the present action, Plaintiff's claims directly attacks the State court's decision affirming the Sheriff's sale.  All of the allegations in Amended Complaint express concern that the law was incorrectly applied to Plaintiff's case, and are clearly predicated on her belief that the State court was mistaken in rendering its decisions against her.  Furthermore, Plaintiff requests as relief that the State court foreclosure judgment be reversed and the foreclosed property be returned to her.  Any review of the constitutional claims asserted in this context would require the Court to review specific issues addressed in the State court proceedings against Plaintiff.  This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested.  *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Moreover, even if Plaintiff were merely attempting to litigate the propriety of the sheriff's sale for a second time, this Court could not entertain her claims.  Ohio State courts have already determined that the Sheriff's sale was proper. The sale was confirmed by the Holmes County Court of Common Pleas and Plaintiff appealed that order on August 10, 2011.  ECF No. 8-1 at 3.  A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state.  28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002).  This Court must apply the law of the State in which the prior judgment was rendered to determine whether the prior judgment should be given preclusive effect in this federal action.  *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81 (1984).

8

(5:11cv2536)

In Ohio, the doctrine of *res judicata* includes two related concepts of claim preclusion and issue preclusion, also known as collateral estoppel. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392 (2008).  Claim preclusion prevents subsequent actions, by the same parties, based upon any claim arising out of a transaction that was the subject matter of a previous action. *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392 (1998). It also applies where a claim was not raised but could have been litigated in the previous suit.  *Grava v. Parkman Twp.* 73 Ohio St.3d 379, 382 (1995).

Issue preclusion, on the other hand, serves to prevent re-litigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties. *Fort Frye*, 81 Ohio St.3d at 395.  Issue preclusion applies even if the causes of action differ. *Id.*

In this case, issue preclusion bars re-litigation of the validity of the sheriff's sale.  Ohio courts have already determined that the Sheriffs sale was proper and have affirmed the sale. This Court must give full faith and credit to that decision.

**B.  42 U.S.C. § 1983**

Even if Plaintiff could proceed with her claims against Defendants, they are without merit.  She first indicates that the Defendants violated her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983.  To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Plaintiff fails to satisfy either of these criteria.

9

(5:11cv2536)

**1. Parties not State Actors**

Seven of the Defendants cannot be said to be "state actors." Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. There are no facts in the Amended Complaint to suggest Fred Hershberger, Dwain Schlabach, Richard Craft, Frank Rose, Paul Hervey, CSB, or Gregory Locke are State or local government entities or officials. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

Rose, Hervey, CSB and Gregory Locke were either litigants or counsel for litigants in the foreclosure action. Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the State. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). A privately retained attorney hired for the purpose of bringing a suit for monetary damages is not considered a State actor under 42 U.S.C. § 1983. *Washington v. Brewer*, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991); *see also Polk County v. Dodson*, 454 U.S. 312, 321 (1981).

Fred Hershberger and Dwain Schlabach are not identified in the Amended Complaint and there are no apparent allegations against them. There is no reason to believe they are government employees or state actors. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the

10

(5:11cv2536)

alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). It is also responsibility of the Plaintiff to allege facts to reasonably support all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Iqbal*, 129 S.Ct. at 1949; *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). There is no suggestion in the Amended Complaint that these Defendants can be held liable as state actors under 42 U.S.C. § 1983.

### 2. Prosecutorial Immunity

In addition, Holmes County Prosecutor Steve Knowling is absolutely immune from damages in this action. Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a

11

(5:11cv2536)

prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002).  The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).

In this instance, Plaintiff claims that Holmes County Prosecutor Steve Knowling should have known that the Notice of Appeal had been filed and should have advised the Sheriff to halt the sale of the property in question.  Although that allegation, at best, has a tenuous connection to any potential liability under some viable legal theory, it also describes the actions of an advocate.  If the allegations could be liberally construed to state a claim, Mr. Knowling would be absolutely immune from damages for advice he gave or did not give to his client.

Finally, the Holmes County Sheriff and his Deputies Chaney, Hawkins, and Sprowl are also immune from damages in this action.  Plaintiff contends they carried out the Sheriff's sale as ordered by the court, and also carried out the eviction of Plaintiff from the residence.  It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Absolute judicial immunity has been extended to non-judicial officers who perform "quasi-judicial" duties.  *See Bush v. Rauch*, 38 F.3d 842, 847 (6th

12

(5:11cv2536)

Cir.1994) .  Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.  *Id.*

The Supreme Court has endorsed a "functional" approach in determining whether an official is entitled to absolute immunity.  *Forrester v. White*, 484 U.S. 219, 224 (1988); *Burns v. Reed*, 500 U.S. 478, 486 (1991).  Under this approach, a court looks to "the nature of the function performed, not the identity of the actor who performed it."  *Forrester*, 484 U.S. at 229. Enforcing or executing a court order is intrinsically associated with a judicial proceeding.  *Bush*, 38 F.3d at 847.  Law enforcement officials executing a facially valid court order are protected by absolute quasi-judicial immunity.  *Id.*; *Webb v. Greene County Sheriff's Office*, 494 F. Supp.2d 779, 788-89 (S.D. Ohio 2007).[2]  The only allegations against the Sheriff, Chaney, Hawkins, and Sprowl, concern their role in executing the court-ordered sheriff's sale and the court-ordered eviction.  They are entitled to quasi-judicial immunity for these actions.

---

[2]     *See Roland v. Phillips*, 19 F.3d 552, 556-57 (11th Cir.1994) (sheriff and deputy sheriffs entitled to immunity for arrest pursuant to facially valid court order); *Valdez v. Denver*, 878 F.2d 1285 (10th Cir.1989) (sheriff and sheriff's deputies took plaintiff into custody pursuant to judicial order); *Coverdell v. Department of Social & Health Servs.*, 834 F.2d 758 (9th Cir.1987) (child protective services worker's removal of newborn infant from hospital and placement in temporary shelter pursuant to court order); *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir.1986) (sheriff participated in execution of foreclosure sale pursuant to judgment of foreclosure); *Tymiak v. Omodt*, 676 F.2d 306 (8th Cir.1982)(sheriff evicted plaintiff from home in compliance with court order); *Fowler v. Alexander*, 478 F.2d 694 (4th Cir.1973) (sheriff and jailer confined plaintiff pursuant to a court order).

13

(5:11cv2536)

**C.  42 U.S.C. §§ 1985 and 1986**

Plaintiff also asserts conspiracy claims against Defendants under 42 U.S.C. § 1985.  To state a claim for conspiracy to deprive a person of equal protection under the law pursuant to 42 U.S.C. § 1985, Plaintiff must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of the Plaintiff or deprivation of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003).  The acts that allegedly deprived Plaintiff of equal protection must be the result of racial or class-based discrimination.  *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992)).

Plaintiff fails to state an adequate claim if her allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).  A Plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy.  *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Plaintiff has failed to provide sufficient factual allegations to establish a  "meeting of the minds."  There are no allegations in the Amended Complaint that link any of the Defendants to a conspiracy to deprive her of equal protection.  Furthermore, there is no suggestion of any racial or class-based discrimination.  Thus, Plaintiff has not satisfied any of the elements of a claim for conspiracy under § 1985.

14

(5:11cv2536)

Because Plaintiff has failed to state a claim under § 1985, her claims for relief under § 1986 must also be dismissed.  Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them.  Without a violation of § 1985, there can be no violation of § 1986.

### D.  Criminal Statutes

Plaintiff next brings claims against Defendants under 18 U.S.C. §§ 241, 242, 1341,  1343, and 1348.  These are criminal statutes which define federal crimes.  They do not provide a private cause of action for civil Plaintiffs.  *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003).

To the extent Plaintiff is attempting to bring criminal charges against the Defendants, she cannot proceed.  Criminal actions in the federal courts are initiated by the United States Attorney, not private Plaintiffs.  28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

### E.  RICO

Plaintiff includes several claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]."  In turn, Section 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

15

(5:11cv2536)

> (d) It shall be unlawful for any person to conspire to violate any of
> the provisions of subsection ... (c) of this section.

A "pattern of racketeering activity" requires at least two acts of "racketeering activity" which

are set forth in Section 1961(1).[3]  18 U.S.C. § 1961(5).  To prove a Defendant violated Section

---

[3]  18 U.S.C. § 1961(1) defines a "racketeering activity" as: (A) any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: §201 (bribery), § 224 (sports bribery), §§471, 472, and 473 (counterfeiting), §659 (theft from interstate shipment), §664 (embezzlement from pension and welfare funds), §891-894 (extortionate credit transactions), §1028 (fraud and in connection with identification documents), §1029 (fraud in connection with access devices), §1084 (transmission of gambling information), §1341 (mail fraud), §1343 (wire fraud), §1344 (financial institution fraud), §1425 (unlawful procurement of citizenship or nationalization), §1426 (reproduction of naturalization or citizenship papers), §1427 (sale of naturalization or citizenship papers), § 1461-1465 (obscene matter), §1503 (obstruction of justice), §1510 (obstruction of criminal investigations), §1511 (obstruction of State or local law enforcement), §1512 (tampering with a witness, victim, or an informant), §1513 (retaliating against a witness, victim, or an informant), §1542 (false statement in application and use of passport), §1543 (forgery or false use of passport), §1544 (misuse of passport), §1546 (fraud and misuse of visas,), §§1581-1591 (slavery, and trafficking in persons), §1951 (interference with commerce, robbery, or extortion), §1952 (racketeering), §1953 (interstate transportation of wagering paraphernalia), §1954 (unlawful welfare fund payments), §1955 (illegal gambling businesses), §1956 (money laundering), §1957 (engaging in monetary transactions in property derived from specified unlawful activity), §1958 (use of interstate commerce in the commission of murder-for-hire), §§2251, 2251A, 2252, and 2260 (sexual exploitation of children), §§ 2312 and 2313 (interstate transportation of stolen motor vehicles), §§2314 and 2315 interstate transportation of stolen property), §2318 (trafficking in counterfeit labels for phonorecords, computer programs and motion pictures), §2319 (criminal infringement of a copyright), §2319A (unauthorized trafficking in sound recordings and music videos), §2320 (trafficking in goods or services bearing counterfeit marks), §2321 (trafficking in certain motor vehicles or motor vehicle parts), §§2341-2346 (trafficking in contraband cigarettes), §§2421-24 (slave traffic), (C) any act which is indictable under title 29, United States Code, §186 (restrictions on payments and loans to labor organizations) or §501(c) (embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under §157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in §102

(continued...)

16

(5:11cv2536)

1962(c), it is necessary for the Plaintiff to prove the Defendant committed two predicate

offenses.  To violate Section 1962(d), a Defendant must conspire with another person who

commits two acts of racketeering activity.  *United States v. Joseph,* 781 F.2d 549, 554 (6th

Cir.1986).

Plaintiff characterizes the Sheriff sale of her property pursuant to court order as mail

fraud and wire fraud because it occurred after she filed a Notice of Appeal.  Mail fraud is

defined in 18 U.S.C. § 1341 as:

> having devised or intending to devise any scheme or artifice to
> defraud, or for obtaining money or property by means of false or
> fraudulent pretenses, representations, or promises, or to sell,
> dispose of, loan, exchange, alter, give away, distribute, supply, or
> furnish or procure for unlawful use any counterfeit or spurious coin,
> obligation, security, or other article, or anything represented to be
> or intimated or held out to be such counterfeit or spurious article,
> [and] for the purpose of executing such scheme or artifice or
> attempting so to do, places in any post office or authorized
> depository for mail matter, any matter or thing whatever to be sent
> or delivered by the Postal Service... .

Wire fraud is similarly defined in 18 U.S.C. § 1343 as:

> having devised or intending to devise any scheme or artifice to
> defraud, or for obtaining money or property by means of false or
> fraudulent pretenses, representations, or promises, transmits or

---

[3](...continued)
of the Controlled Substances Act), punishable under any law of the United States, (E) any act which
is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is
indictable under the Immigration and Nationality Act, § 274 (bringing in and harboring certain
aliens), § 277 (aiding or assisting certain aliens to enter the United States), or §278 (importation of
alien for immoral purpose) if the act indictable under such of such Act was committed for the
purpose of financial gain, or (G) any act that is indictable under any provision listed in
§2332b(g)(5)(B).

17

(5:11cv2536)

> causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice... .

The actions described by Plaintiff do not meet the statutory definitions of mail or wire fraud. Both criminal activities require Plaintiff to prove that Defendants devised or intended to devise a scheme or ruse in order to defraud Plaintiff in hopes of obtaining money or property by means of false or fraudulent pretenses.  There is no indication in the Amended Complaint that any Defendant intended to defraud Plaintiff or that they used false pretenses to carry out their intentions.  There is no reasonable suggest that Defendants participated in "racketeering activity" as defined by the statute.  Consequently, Plaintiff has not stated a claim for a violation of RICO.

### F.  Intentional Infliction of Emotional Distress

Finally, Plaintiff sets forth a state law tort claim for intentional infliction of emotional distress.  Supplemental jurisdiction exists whenever State law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters.  *Id.* at 726.  In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.  *Id.*  Having dismissed Plaintiff's federal law claims, this Court declines to exercise jurisdiction over Plaintiff's State law claim.

(5:11cv2536)

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  Plaintiff's request

for permission to proceed in forma pauperis is granted.  The Court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]


IT IS SO ORDERED.

February 14, 2012                                      /s/ Benita Y. Pearson
Date                                                   Benita Y. Pearson
                                                       United States District Judge

---

[4]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

19